UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DERRICK SHEPHERD | CIVIL ACTION |
| VERSUS | NO: 12-2627 |
| SUPREME COURT OF LOUISIANA | SECTION: "A" (2) |

### ORDER AND REASONS

Before the Court is a **Motion to Dismiss (Rec. Doc. 6)** filed by the defendant, the Supreme Court of the State of Louisiana. Plaintiff Derrick Shepherd opposes the motion. The motion, scheduled for submission on January 16, 2013, is before the Court on the briefs without oral argument.[1] For the reasons that follow, the motion is GRANTED.

### I.   BACKGROUND

Plaintiff Derrick Shepherd filed this lawsuit pro se and in forma pauperis to assert a general challenge to the constitutionality of a bar discipline policy of the Louisiana Supreme Court ("LASC"). (Rec. Doc. 1, Complaint ¶ 1). The policy pertains to lawyers who have been convicted of a crime and who seek to stay disciplinary proceedings during the pendency of a 28 U.S.C. § 2255 post conviction motion based on ineffective assistance of counsel.

---

[1] Plaintiff has requested oral argument but the Court is not persuaded that oral argument would be helpful in light of the legal issues presented.

Shepherd is an attorney and former state senator. Shepherd was indicted in this district on April 10, 2008, at which time he was placed on interim suspension from the practice of law. (Rec. Doc. 1, Complaint ¶ 7). Disciplinary proceedings were suspended until Shepherd was sentenced in January of 2010. (Id.).

Shepherd filed a 28 U.S.C. § 2255 motion to vacate his sentence and conviction with the district court on January 18, 2011. (CR07-384, Rec. Doc. 478). According to Shepherd, his sole argument in support of post-conviction relief was that he received ineffective assistance of counsel in the district court. (Rec. Doc. 1, Complaint ¶ 8). Citing LASC Rule XIX § 19, which pertains to lawyers convicted of a crime, Shepherd moved the state disciplinary hearing committee to continue his bar disciplinary proceedings until his § 2255 motion became final. Pursuant to LASC Rule XIX § 19(C), disciplinary proceedings instituted in accordance with the rules will not be brought to a hearing until all appeals from the conviction are concluded. A conviction is considered final under the LASC disciplinary rules when "all *appeals* have been concluded or exhausted." Id. § 19(E) (emphasis added). But the hearing committee denied Shepherd's request for a continuance of his bar disciplinary proceedings because the LASC does not consider a § 2255 motion to be an "appeal" that affects the finality of a conviction. See In re Dillon, 66 So. 3d 434, 437 (La. 2011).

Shepherd's contention in this lawsuit is that in the limited circumstance where a § 2255 motion is premised on ineffective assistance of counsel, a lawyer's conviction should not be deemed final for purposes of disciplinary matters until that § 2255 motion is exhausted. (Rec. Doc. 1, Complaint ¶ 10). Shepherd points out that in his case he was only allowed to challenge his conviction through a § 2255 motion, and that in the Fifth Circuit a direct review on appeal is unavailable for a defendant alleging ineffective assistance of counsel. (Id. ¶ 15). Thus, Shepherd's contention is not that every § 2255 motion constitutes an *appeal* that affects the finality of a criminal conviction for bar disciplinary purposes. But where ineffective assistance of counsel is the issue, and a § 2255 motion is therefore the necessary vehicle to present that claim, fundamental fairness and due process demand that the § 2255 motion be treated as an appeal for purposes of staying disciplinary proceedings.[2] Thus, according to Shepherd, the hearing committee should have granted his request for a continuance and its refusal to do so violated due process.

---

[2] The Court notes that Shepherd specifically waived his right to challenge his conviction on appeal, and preserved only the right to allege ineffective assistance of counsel via a post conviction motion, as part of his plea agreement with the Government. (CR07-384, Rec. Doc. 244). Therefore, it is somewhat disingenuous for Shepherd to invoke fundamental fairness based on the proposition that the law in this circuit would require a criminal defendant to bring an ineffective assistance of counsel claim via a § 2255 motion as opposed to an appeal.

In his complaint, Shepherd requests a declaration that the LASC's policy regarding § 2255s based on ineffective assistance of counsel is unconstitutional and preliminary/permanent injunctive relief to prohibit enforcement of that policy. Shepherd also specifically requests injunctive relief in the form of an order compelling the LASC to grant his motion to continue his disciplinary proceedings until his § 2255 motion becomes final. (Rec. Doc. 1, Complaint ¶ 20).

The LASC has responded to Shepherd's complaint by filing the instant motion to dismiss. The LASC argues that Shepherd does not meet the Rule 65 elements for injunctive relief, that the Rooker-Feldman doctrine applies to prevent this Court from reviewing the LASC's decision to deny Shepherd's motion to continue, that this Court should abstain from this matter pursuant to Younger v. Harris, 401 U.S. 37 (1971), and that the Anti-Injunction Act ("AIA"), 28 U.S.C. § 2283 prevents this Court from enjoining the proceedings before the LASC.

II. **DISCUSSION**

At the outset, the Court feels compelled to reframe the issues presented in light of certain arguments that Shepherd made in his opposition and in light of the current status of Shepherd's § 2255 motion.

In his opposition, Shepherd parried the LASC's arguments pertaining to injunctive relief by asserting that he is seeking

declaratory relief only and not the type of injunctive relief that would cause the Rule 65 and AIA problems identified in the motion to dismiss. This in turn brought a caustic reply from the LASC in which it accused Shepherd of trying to mislead the Court regarding the type of relief that he sought in his complaint. (Rec. Doc. 14, Reply at 4). Shepherd then felt compelled to defend himself via a sur-reply. (Rec. Doc. 18, Sur-Reply).

A careful reading of Shepherd's first request for relief--the one pertaining to declaratory relief--convinces the Court that via the first request for relief Shepherd seeks *prospective* injunctive relief only. In other words, if the Court were to declare the LASC policy to be unconstitutional, then Shepherd prays for an injunction to permanently enjoin enforcement of the policy going forward. Such prospective permanent injunctive relief is the norm when a federal court declares a state law or policy unconstitutional. And because the relief sought is prospective only, it does not involve revisiting anything that occurred in Shepherd's specific case. Thus, the Rooker-Feldman and AIA problems that the LASC raised in its motion are not implicated by a permanent injunction to prevent enforcement of an unconstitutional policy on a prospective basis. And the irreparable injury argument that the LASC raised will not apply

to prospective permanent injunctive relief.[3]

On the other hand, even a cursory reading of Shepherd's second request for relief--wherein he seeks to have this Court order the LASC to grant him a continuance--potentially implicates the AIA and most likely the Rooker-Feldman doctrine too. This coercive type of relief is injunctive in nature even though Shepherd does not expressly characterize it this way. Moreover, the Court is persuaded that Younger abstention would apply because the state disciplinary proceedings are ongoing. Shepherd took great pains, however, to clarify via his opposition memorandum that this lawsuit is *not* about obtaining injunctive relief specific to his own case. Rather, this case is a general challenge to the constitutionality of a policy of the LASC, and such challenges are not encompassed within the scope of the Rooker-Feldman doctrine. (Rec. Doc. 8, Opposition at 5).

Regardless of how Shepherd now characterizes his claims, the injunctive relief that Shepherd sought via the second request for relief, i.e., a continuance of his disciplinary proceedings, was a moot point as of the day that Shepherd filed his complaint in this Court. The Court has taken judicial notice of the public

---

[3] Of course the showing of irreparable injury would apply to *preliminary* injunctive relief, which Shepherd did specifically pray for in his complaint. (Rec. Doc. 1, Complaint ¶ 20). But Shepherd has clarified in his opposition that he has no intention of moving for that relief as part of this lawsuit so the Court considers this issue to be moot. (Rec. Doc. 8, Opposition at 4).

court filings in Shepherd's criminal case and it is clear that his § 2255 motion was exhausted when he filed this lawsuit. The district court denied Shepherd's § 2255 motion on May 9, 2011. (CR07-384, Rec. Doc. 529). Shepherd attempted to appeal that ruling but the district court denied a certificate of appealability. (CR07-384, Rec. Doc. 538). Shepherd then sought a certificate of appealability directly from the Fifth Circuit but that motion was denied on December 29, 2011. (Court of Appeals Docket # 11-30536). Shepherd's requests for reconsideration and rehearing en banc were also denied and then he petitioned the United States Supreme Court for relief. The Supreme Court denied Shepherd's petition for a writ of certiorari on October 31, 2012, (Supreme Court Docket # 12-6325), which is the same day that he filed his complaint in this Court. Therefore, even if the LASC's policy regarding § 2255s premised on ineffective assistance of counsel is unconstitutional, that has no bearing on whether Shepherd's disciplinary proceedings should now be continued because Shepherd's § 2255 motion was exhausted as of the day that this complaint was filed. In short, Shepherd's § 2255 motion is exhausted so his disciplinary proceedings can go forward unfettered by a pending § 2255 motion, and his request for a continuance based on a pending 2255 motion is now moot.

   Based on the foregoing, the only claim of Shepherd's that

the Court must address in resolving Defendant's motion to dismiss is the first request for relief wherein Shepherd is bringing a general challenge to the constitutionality of the LASC's policy regarding continuances and pending § 2255 motions based on ineffective assistance of counsel.  The Rule 65 and AIA arguments are not pertinent to declaratory relief[4] so the only questions that remain from the motion to dismiss are whether the Rooker-Feldman doctrine or Younger abstention applies to Shepherd's general challenge to the constitutionality of the Louisiana Supreme Court's policy regarding § 2255 motions and ineffective assistance of counsel claims.

    The Rooker-Feldman doctrine is grounded on the premise that federal district courts do not have appellate jurisdiction over state court decisions.  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)).  To the extent that such appellate jurisdiction exists at all in the federal system it is vested in the United States Supreme Court.  Id.  Pursuant to the Rooker-Feldman doctrine, district courts lack subject matter jurisdiction to entertain complaints by "state-court losers" who seek to have a federal district court review or reject a state

---

[4] As the Court has already noted, Shepherd is seeking permanent injunctive relief.  The question of whether permanent prospective injunctive relief is an appropriate form of relief is premature because that question only becomes relevant if declaratory relief is ultimately granted.

8

court judgment that the plaintiff believes has injured him.  Id.
In sum, a federal district court does not have jurisdiction over
complaints that challenge a state court decision *in a particular
plaintiff's case* even if the challenge alleges that the state
court's action was unconstitutional.  Feldman, 460 U.S. at 486.
Rooker-Feldman does not, however, apply to a general attack on
the constitutionality of a bar rule when resolution of the issue
does not involve review of a judicial decision in a particular
case.  Feldman, 460 U.S. at 487.

    The Court agrees with Shepherd's contention that Rooker-
Feldman does not present an obstacle to his general challenge to
the LASC's policy on pending § 2255 motions based on ineffective
assistance of counsel.  Such a challenge does not require this
Court to review whether the LASC did in fact violate due process
in Shepherd's particular case when he was denied a continuance of
his bar disciplinary proceedings.  But the inquiry cannot end
here because Rooker-Feldman only deals with one aspect of subject
matter jurisdiction and the absence of a Rooker-Feldman problem
does not ipso facto mean that Shepherd's case can go forward.
Shepherd must still establish that he has standing to bring a
general challenge to the LASC policy.

    Federal courts must determine that they have jurisdiction
before proceeding to the merits of a complaint.  Lance v.
Coffman, 549 U.S. 437, 439 (2007) (citing Steel Co. v. Citizens

9

for Better Envir., 523 U.S. 83, 94-95 (1998)). Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." Id. One component of the case-or-controversy requirement is standing, which requires a plaintiff to demonstrate the now-familiar elements of injury in fact, causation, and redressability. Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). A plaintiff who claims harm to his and every citizen's interest in proper application of the Constitution, and who seeks relief that no more directly or tangibly benefits him than it does the public at large, does not state an Article III case or controversy. Lance, 549 U.S. at 439 (quoting Defenders of Wildlife, 504 U.S. at 573-74).

The Court is persuaded that Shepherd lacks standing to seek declaratory relief via a general attack on the LASC's policy regarding § 2255 motions based on ineffective assistance of counsel.[5] As of the day that Shepherd filed this lawsuit his § 2255 motion was completely exhausted, which means that he cannot be injured by the policy in the future. Whether the policy is unconstitutional or not was of no moment to Shepherd as of the day that he filed his complaint because he did not have a pending § 2255 motion, given the courts' refusals to grant him a

---

[5] Defendant did not raise the issue of standing but the Court is obliged to raise the jurisdictional issue of standing sua sponte despite the parties' failure to raise it. Henderson v. Stalder, 287 F.3d 374, 379 n.5 (5th Cir.2002).

certificate of appealability, and the Supreme Court's refusal to intervene on his behalf.  Even if the policy is unconstitutional, favorable prospective declaratory relief would not redress any injury to Shepherd or prevent any future injury to Shepherd.  Prospective declaratory relief could only help some nameless attorney in the future who might request a continuance based on a pending § 2255 motion alleging ineffective assistance of counsel.  But Shepherd does not have standing to bring a constitutional challenge to a policy that might injure someone else.  Even if the policy is unconstitutional and Shepherd suffered injury when his request for a continuance was denied, the only relief that could possibly redress his injury would be retrospective relief in his particular case.  But retrospective relief in his particular case is precisely what the Rooker-Feldman doctrine deprives this Court of jurisdiction to render.  If Shepherd's rights were in fact violated in his particular case, and if that violation requires redressability, then Shepherd's opportunity for review by a federal court lies solely with the United States Supreme Court once the disciplinary proceedings before the LASC are complete.

In sum, Shepherd's complaint does not present an Article III case or controversy because he lacks standing to make a general challenge to the LASC's policy regarding continuances based on a pending § 2255 motion alleging ineffective assistance of counsel.

The question of whether <u>Younger</u> abstention applies to the general challenge is moot.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 6)** filed by the defendant, the Supreme Court of the State of Louisiana is **GRANTED.** The complaint filed by Derrick Shepherd is **DISMISSED** with prejudice.

February 8, 2013

                             JAY C. ZAINEY
                        UNITED STATES DISTRICT JUDGE